# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| LACEY GRAVES | : | NO. 06-95 |

# O R D E R

**AND NOW**, this 27th day of June, 2013, upon consideration of Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 215, filed October 6, 2010) and the related filings of the parties, following a hearing on April 5, 2012, for the reasons set forth in the Memorandum dated June 27, 2013, **IT IS ORDERED** as follows:

1. Defendant's Motion under § 2255 is **DENIED**;

2. The Court **ISSUES** a certificate of appealability with respect to defendant's claim that trial counsel was ineffective for failing to move to suppress the evidence found in the search of Leslie Neal's home due to the failure of the government to list the items to be seized in the search warrant or to incorporate a list of such items in the search warrant. The certificate of appealability includes, but is not limited to, the issue of whether evidence obtained pursuant to a warrant that is so facially deficient that the executing officers cannot reasonably presume it to be valid may nevertheless be admissible under Herring v. United States, 555 U.S. 135 (2009) if law enforcement's conduct is not deliberate, reckless, or grossly negligent. See Virgin Islands v. John, 654 F.3d 412 (3d Cir. 2011); United States v. Wright, 2012 WL 3519004 (3d Cir. 2012).

A certificate of appealability **WILL NOT ISSUE** with respect to any other claim because reasonable jurists would not debate whether the other portions of the motion state a valid

claim of the denial of a constitutional right as required under 28 U.S.C. § 2253(c)(2). See Slack v. McDaniel, 529 U.S. 473, 484 (2000); and

3. Copies of the two "warrant packages" shall be docketed by the Deputy Clerk.

**BY THE COURT:**

/s/ Hon Jan E. DuBois

_____

**JAN E. DuBOIS, J.**